SUMMARY ORDER

Chun Hui Weng, a native and citizen of the People’s Republic of China, seeks review of a October 31, 2005 order of the BIA, affirming the February 9, 2005 decision of Immigration Judge (“IJ”) Aan L. Page, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Chun Hui Weng, No. A97 391 305 (B.I.A. Oct. 31, 2005), aff'g No. A97 391 305 (Immig. Ct. N.Y. City Feb. 9, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 59 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep’t of Justice, 362 F.3d 155, 159 (2d Cir.2004). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). Nevertheless, “the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review.” Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on “specific, cogent reasons” that “bear a legitimate nexus” to the finding. Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).[2] We will vacate and remand *390 for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005); Tian-Yong Chen v. INS, 359 F.3d 121, 129 (2d Cir.2004).
Upon review of the administrative record, we find that substantial evidence supports the IJ’s adverse credibility determination. The IJ properly relied on Weng’s inconsistent accounts of his whereabouts during his father’s arrest for practicing Falun Gong. See Biao Yang v. Gonzales, 496 F.3d 268, 272 (2d Cir.2007). Indeed, during his credible fear interview, Weng claimed that he was hiding at his house watching the police arrest his father; however, in his asylum application and at his hearing he stated that he was not at home during his father’s arrest.
Moreover, the agency did not err in relying on these inconsistent statements even though they arose in the context of Weng’s credible fear interview. Where an IJ rests an adverse credibility determination on statements made during such an interview,[3] we closely examine the record of that interview to ensure that it represents a “sufficiently accurate record” of the applicant’s statements to merit consideration. See Ramsameachire v. Ashcroft, 357 F.3d 169, 179 (2d Cir.2004). In this case, it is clear that the credible fear interview record provides a sufficiently aceu-rate record where: (1) it is a verbatim transcript of the interview; (2) the questions posed were clearly designed to elicit details of an asylum claim; (3) Weng did not appear reluctant to provide the inspector with information on account of his experiences in China; and (4) there is no indication that Weng had any difficulty understanding the questions posed. See id. at 179-80. Additionally, although Weng explained before the IJ that the translator must have mistranslated his statement, no reasonable fact-finder would have been compelled to accept this explanation where, as the IJ noted, Weng made several different statements indicating that he had been present during his father’s arrest. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005). As the record indicates that the credible fear interview was reliable, the agency did not err in relying on Weng’s inconsistent statements made at that interview in finding his credibility undermined. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 398 (2d Cir.2005).
The IJ also reasonably questioned the authenticity of the certificates of Falun Gong membei’ship that Weng submitted into evidence. We will reject an IJ’s deduction “only when there is a complete absence of probative facts to support it— that is, when the speculation is ‘bald.’ ” Siewe v. Gonzales, 480 F.3d 160, 168 (2d Cir.2007). However, the “speculation that *391 inheres in inference is not ‘bald’ if the inference is made available to the factfin-der by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.” Id. at 168-69. Here, the IJ reasonably noted that despite Weng’s claim that his father was an advanced Falun Gong leader and that he was not an advanced practitioner, the certificates contained virtually identical language indicating that both Weng and his father had completed advanced Falun Gong work. See Siewe, 480 F.3d at 168. Moreover, no reasonable fact-finder would have been compelled to accept Weng’s ultimate explanation where he only provided said explanation after extensive questioning without explanation. See Majidi, 430 F.3d at 80-81. Finally, we note that Weng has waived any challenge to the IJ’s finding that he failed to submit sufficient corroborating evidence to rehabilitate his testimony that he is a Falun Gong practitioner. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, and because there were no errors of sufficient importance to cast doubt on the neutrality of the factfinding process, the IJ’s adverse credibility determination was supported by substantial evidence.[4] See Shu Wen Sun v. BIA, 510 F.3d 377, 379. Thus, the agency’s denial of Weng’s applications for asylum and withholding of removal was proper. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Although we recently held that the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231 (2005), abrogated significant portions of Secaida-Ro-sales for asylum petitions filed after May 11, *390 2005, see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008), Weng's application for relief was filed in December 2003 well before the May 2005 effective date of the REAL ID Act. Moreover, the proposition that an adverse credibility determination must be based on "specific, cogent reasons" that “bear a legitimate nexus” to the credibility determination was not affected by our decision in Xiu Xia Lin. See Balachova v. Mukasey, 547 F.3d 374, 380 n. 2 (2nd Cir.2008).

. Although we have not explicitly decided whether the concerns potentially present in airport interviews, which take place immediately upon the alien’s arrival in the United States, are present in equal force at credible fear interviews, which generally take place several days or weeks later, we need not determine the precise degree of caution to be afforded in evaluating such interviews in this case because a review of the record of Weng’s credible fear interview reveals that it represents a "sufficiently accurate record” of his statements under the factors assessed to determine the accuracy of the more strictly reviewed airport interview. See Diallo v. Gonzales, 445 F.3d 624, 631-32 (2d Cir.2006).

. Although the IJ may have erred in relying on Weng's lack of knowledge regarding Falun Gong and further in questioning the authenticity of Weng’s national identification card, see Rizal v. Gonzales, 442 F.3d 84, 90 (2d Cir.2006) (determining that an applicant's lack of doctrinal knowledge cannot be held against an applicant who does not claim to be an expert in or have a deep understanding of the religion in question); see also Secaida-Rosales, 331 F.3d at 310 (concluding that an applicant’s ability to obtain identification documents in his home country while in hiding for fear of persecution is itself not "a valid, cogent reason for a negative credibility finding”), we find that remand is unnecessary. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338-40 (2d Cir.2006) (holding that remand is not required where substantial evidence supports the IJ’s error-free findings supporting the adverse credibility determination and where the Court can confidently predict that the agency would make the same decision were the petition remanded).